IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DANYALE McCOLLOUGH,

    Petitioner,

v.

MICHAEL MILLER,

    Respondent,

Case No. 25-CV-238-JFH-JAR

**OPINION AND ORDER**

Petitioner Danyale McCollough ("McCollough"), a state prisoner appearing *pro se*, brought this action for habeas corpus relief under 28 U.S.C. § 2241. Dkt. No. 1. Respondent filed a Motion to Dismiss ("Motion") in response to the Petition. Dkt. No. 8. Having reviewed the Petition [Dkt. No. 1], the Motion to Dismiss [Dkt. No. 8], McCollough's Response to the Motion to Dismiss [Dkt. No. 9], McCollough's Supplemental Response [Dkt. No. 12] and applicable law, the Court grants the Motion.

**BACKGROUND**

    **I.   McCollough's Claim**

McCollough is a state prisoner currently incarcerated at Allen Gamble Correctional Center. Dkt. No. 1 at 1. McCollough alleges he had 1,173 days of earned credit taken away from him and the Oklahoma Department of Corrections ("ODOC") is calculating his sentence incorrectly. *Id.* McCollough requests an order directing ODOC to correct his sentence and give him his "lost/earned credits back[.]" *Id.* at 8. McCollough asserts he "exhausted all available remedies" and appealed the decision he is challenging "as high as [he] could go[.]" *Id.* at 2.

## II. Respondent's Motion to Dismiss

Respondent Warden Michael Miller ("Respondent") filed a Motion to Dismiss arguing McCollough failed to exhaust his administrative remedies rendering dismissal appropriate. Dkt. No. 8. Respondent outlined a four-step process to exhaust administrative remedies. *Id.* at 2. First, a prisoner must attempt to informally resolve his complaint by talking with the appropriate staff member. *Id.* If that attempt is unsuccessful, the inmate must submit a Request to Staff ("RTS") to the appropriate staff member. *Id.* If the inmate's complaint remains unresolved, the inmate must begin the formal grievance procedure by submitting a Grievance to the Reviewing Authority. *Id.* If the grievance response fails to resolve the issue, the inmate must appeal to the Administrative Review Authority ("ARA"). *Id.* After an inmate appeals to the ARA, he has exhausted his administrative remedies. *Id.*

Respondent asserts McCollough did not complete the fourth step: submit an appeal regarding the calculation of his sentence to ODOC's Administrative Review Authority ("ARA"). *Id.* at 3. And, therefore, this action should be dismissed. *Id.*

In his Response to the Motion to Dismiss, McCollough directs the Court to a January 29, 2025 "Inmate Case Note" that states:

> Inmate McCollough is again stating his time is wrong and is answer shopping. He needs to understand anytime he questions an employee about his time it's going to be brought to the attention of Records, and the answer is not going to change. His case was reviewed by Sentence Administration and as far as DOC goes, **that is as high as he can go.** They are the authority on all things sentencing. As I've said before, we cannot make him accept or understand the answer. But I can assure him the time he is referring to will not continue to be investigated by Records staff. He's been given his answer. He certainly has the right to contact his attorney.

Dkt. No. 1-1 at 11 (emphasis added); *see also* Dkt. No. 9 at 1. McCollough argues, he "was told twice by the Oklahoma Department of Corrections that he could not go any higher." Dkt. No. 9 at

1. And, "ODOC never told [McCollough] that he could go any higher or that he needed to appeal to the ARA." *Id.*

The Court understands McCollough's position to be that because the communication he received indicated the issue was addressed at the highest level by Sentence Administration, he is excused from properly exhausting his administrative remedies. Respondent counters that "the grievance process … is not complete until the Director of the agency, or his designee, has the opportunity to resolve the matter in a grievance appeal." Dkt. No. 8 at 3.

## DISCUSSION

**III.     Analysis**

According to the Tenth Circuit, "[t]he exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief...." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Nonetheless, "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Id.* at 1203. "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

Here, Respondent presents the affidavit of Mark Knutson ("Knutson"), the Manager of the ARA, wherein Knutson states under oath that the "ARA has not received a grievance appeal, grievance or any correspondence from McCollough regarding the administration of his sentence or the application or revocation of earned credits." Dkt. No. 8-2 at 1. Further, the "ARA has not received any correspondence from McCollough regarding any other issues." *Id.* McCollough does not contest this assertion. Instead, he seems to advance a futility argument. *See* Dkt. No. 9 at 1; *see also* Dkt. No. 12. However, there is nothing in the record that demonstrates McCollough

3

was prevented, thwarted or hindered in completing all steps of ODOC's grievance procedure and presenting his claim to the ARA. McCollough's misunderstanding of ODOC's grievance procedure [Dkt. No. 8-3] does not satisfy the exception to exhaustion.

While the answer from the ARA ultimately may not have been any different than the communication he received on January 29, 2025 [Dkt. No. 1-1 at 11], McCollough did not complete the requisite step of submitting his appeal to the ARA and receiving the ARA's answer. Therefore, McCollough's claim is unexhausted, and dismissal is appropriate. *See Jones v. Aldridge,* Case No. 20-cv-058-JFH-KEW, 2021 WL 728116, at *2-3 (E.D. Okla. Feb. 24, 2021) (dismissing petitioner's § 2241 petition as unexhausted where petitioner failed to show he was prevented from filing a proper grievance appeal).

### IV.     McCollough's Request to Convert Petition

In his Response, McCollough asks the Court to "consider converting this from a 2241 to a 2254." Dkt. No. 9 at 2. McCollough argues, "[n]o matter how ODOC tries to spin it, [he] is being held in violation of the 14th amendment due process clause." *Id.* The Court denies McCollough's request for two reasons.

First, Local Rule 7.1(d) prohibits a litigant from including a motion within a response. LCvR 7.1(d) ("A response to a motion may not also include a motion or a cross-motion made by the responding party."). Second, "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the substance of his

federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015) (internal quotations and citation omitted). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Id.*

Nothing in the record presented indicates McCollough has presented his present claim or a due process claim in state court. Therefore, for this additional reason, dismissal of McCollough's Petition [Dkt. No. 1] is appropriate, and the Court denies McCollough's request to convert his Petition [Dkt. No. 1] to a § 2254 petition.

## CONCLUSION

For the reasons articulated above, the Court grants Respondent's Motion to Dismiss [Dkt. No. 8] and dismisses without prejudice for failure to exhaust McCollough's Petition [Dkt. No. 1]. The Court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate the dismissal of the petition on procedural grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that the Motion to Dismiss [Dkt. No. 8] is GRANTED; the Petition [Dkt. No. 1] is DISMISSED without prejudice for failure to exhaust; a certificate of appealability is DENIED; and a separate judgment of dismissal shall be entered in this matter.

Dated this 7th day of January, 2026.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE